**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

JOSE LUIS CORONA,

    Petitioner,

-vs-                                                      Case No.  8:00-CR-413-T-30MAP
                                                                                      8:05-CV-1213-T-30MAP
UNITED STATES OF AMERICA ,

    Respondent.
_____/

**O R D E R**

This matter is before the Court for consideration of a motion to vacate, set aside, or correct sentence filed by counsel pursuant to 28 U.S.C. § 2255. Petitioner challenges the sentence imposed following his 2001 conviction for a drug-related offense.

A motion to vacate must be reviewed prior to service on the Government. *See* Rule 4 of the Rules Governing § 2255 Cases. If the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the motion is properly denied without a response from the Government. 28 U.S.C. § 2255. *See also United States v. Deal*, 678 F.2d 1062, 1065 (11th Cir. 1982). For reasons set forth below, the Court concludes that Petitioner's § 2255 is subject to summary dismissal.

**Background**

Petitioner was charged on November 9, 2000, by indictment with possession with intent to distribute 500 grams or more of methamphetamine. Represented by Attorney Manuel Machin, Petitioner entered a plea of guilty pursuant to a negotiated plea agreement on March 12, 2001 (CR Dkt. 27). One of the terms of Petitioner's plea agreement provides that:

> [T]he defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum set forth for the offense and pursuant to the sentencing guidelines and expressly waives the right to appeal defendant's sentence, directly or collaterally, on any ground, including the applicability of the "safety valve" provisions contained in 18 U.S.C. § 3553(f) and USSG § 5C1.2, except for an upward departure by the sentencing judge, a sentence above the statutory maximum, or a sentence in violation of the law apart from the sentencing guidelines; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

Dkt. 24 at 11-12.

At sentencing, Petitioner was represented by Attorney Darlene Barror. Over objection of counsel, Petitioner's base offense level was increased two levels pursuant to U.S.S.G. § 2D1.1(b)(1) for the specific offense characteristic of possession of a dangerous weapon.[1] Petitioner was sentenced to a term of 240 months, to be followed by a 60-month term of supervised release. Petitioner's judgment of conviction was entered on August 6, 2001. He did not file a direct appeal.

## Discussion

In his § 2255 motion, Petitioner contends that (1) his conviction was obtained by a plea of guilty which was not knowing and voluntary because he did not understand the nature of the charge or the consequences of the plea; and (2) Attorney Barror was ineffective in (a) failing to argue that in light of Petitioner's objection at sentencing, the factual basis for the enhancement of his base offense level should have been presented to a jury and established beyond a reasonable doubt and (b) advising Petitioner that he had waived his right to appeal when, Petitioner contends, the appeal waiver did not apply to his circumstances (Dkt. 1 at

---

[1] During the search of Petitioner's residence, detectives located $39,838 in U.S. currency, a loaded 9mm semi-automatic Interarms pistol, and a 9mm semiautomatic Beretta pistol inside. Because the firearms were located in close proximity to the proceeds of Petitioner's drug trafficking activity, his base offense level was enhanced 2 levels pursuant to U.S.S.G. § 2D1.1. *See* United States Sentencing Guidelines Manual § 2D1.1 n.3 (2000).

4). Petitioner's claims are premised on the Supreme Court's holdings in *Apprendi*,[2] and *Blakely*.[3]

**Timeliness**

Federal prisoners whose convictions became final after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), have one year from the latest of any of four events to file a § 2255 motion: (1) the date on which the conviction became final; (2) the date on which any government-imposed impediment to making the motion is removed; (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255. Since Petitioner did not file a notice of appeal, for purposes of calculating the one-year statute of limitation, his judgment of conviction became final on August 16, 2001, 10 days after it was entered. *See* Fed. R. App. P. 4(b)(1); *Mederos v. United States*, 218 F.3d 1252, 1253 (2000). The limitation period expired one year later on August 16, 2002.

Petitioner filed his § 2255 motion on June 29, 2004, nearly two years after the limitation period expired. Petitioner does not assert that a government-imposed impediment prevented him from filing a timely § 2255 motion or that his claim is based on newly discovered evidence. *See* 28 U.S.C. § 2255 ¶ 6(2) & (4).

---

[2] *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.").

[3] *Blakely v. Washington*, 542 U.S. 196, 124 S.Ct. 2531, 159 L.Ed.2d 403 (Jun. 24, 2004) (applying the rule of *Apprendi*, the court held that the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings).

Petitioner relies instead upon § 2255 ¶ 6(3) to support his assertion that his *Apprendi/Blakely* claims should be heard despite the 34-month lapse between the date on which his conviction became final and the filing of his § 2255 motion. This section provides that the one year limitations period for filing a motion under 28 U.S.C. § 2255 runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255 ¶ 6(3).

The Supreme Court clarified this provision in *Dodd*, holding that in the event the dates do not coincide, the one-year limitations period runs from the date that the Supreme Court first recognizes the new right, not from the date it becomes retroactively applicable. *Dodd v. United States*, ___ U.S. ___, 125 S.Ct. 2478, 2481-82, 162 L.Ed.2d 343 (2005). Moreover, unless the Supreme Court determines that the right may be retroactively applied, § 2255 ¶ 6(3) never comes into play. *Id.* at 2482-83.

Four months after Petitioner filed his § 2255 motion, the question of whether *Blakely* applies to the federal sentencing guidelines was decided in the affirmative when the Supreme Court entered its decision in *United States v. Booker*, one of the circuit court cases[4] cited by Petitioner in support of his request for relief. 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Citing *Griffith v. Kentucky*,[5] the Supreme Court acknowledged in *Booker* that its holding applies to all cases on direct review, but nothing in *Booker* makes it or the holding in *Blakely* retroactive. *Id. Booker* does not, therefore, provide support for Petitioner's position.

---

[4] *United States v. Booker*, 375 F.3d 508 (7th Cir. 2004).

[5] 479 U.S. 314, 328 (1987) ("[A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases . . . pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past").

As of the date of this Order, the Supreme Court has not determined that the *Blakely/Booker* decisions apply retroactively. In the interim, the Eleventh Circuit has held that they do not apply retroactively to cases on collateral review. *In re Anderson*, 396 F.3d 1336 (11th Cir. 2005); *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005) (determining that "Booker's constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review"). Unless the Supreme Court or the Eleventh Circuit, *en banc*, decides otherwise, the *Blakely/Booker* decisions are not to be applied retroactively to cases brought under § 2255. Petitioner's argument that he is entitled to proceed under § 2255 ¶6(3) fails.

Having failed to demonstrate that he is entitled to statutory tolling of the limitation period, unless Petitioner demonstrates that he is entitled to equitable tolling, his § 2255 motion is time barred. *See Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). Equitable tolling is appropriate when a motion is untimely filed because of extraordinary circumstances that are both beyond the petitioner's control and unavoidable even with diligence. *Jones v. United States,* 304 F.3d 1035, 1039 (11th Cir. 2002), *cert. denied* 538 U.S. 947 (2003). The burden of establishing entitlement to this extraordinary remedy rests with the petitioner. *Drew v. Department of Corrections*, 297 F.3d 1278, 1286 (11th Cir. 2002). Having reviewed Petitioner's arguments, the record, applicable statutes, and controlling case law, the Court finds no basis upon which to invoke the doctrine of equitable tolling under the circumstances of this case. The Court concludes, therefore, that the § 2255 motion is time barred.

Parenthetically, even if Petitioner's claims were not time barred, the Court would still be precluded from granting him the relief he seeks for reasons discussed below.

**Appeal Waiver**

As set forth above, one of the conditions of Petitioner's plea agreement was that he waived the right to appeal his sentence, directly or collaterally, except in very limited circumstances. It is well-settled that sentence-appeal waivers are valid if made knowingly and voluntarily, *see United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993), and guilty pleas waive all but jurisdictional claims up to the time of the plea, *see Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973); *Stano v. Dugger*, 921 F.2d 1125, 1150 (11th Cir.), *cert. denied*, 502 U.S. 835 (1991), foreclosing most claims from collateral attack, *see United States v. Broce*, 488 U.S. 563, 569 (1989).

A defendant's waiver of the right to appeal "directly or collaterally" encompasses his right to challenge his sentence in a § 2255 proceeding. *See Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005). The appeal waiver is enforceable against a claim of ineffective assistance of counsel unless the ineffective assistance claim relates directly to the negotiation of the waiver itself. *See id.* Petitioner's appeal waiver likewise includes claims based on *Apprendi/Booker* grounds. *See United States v. Grinard-Henry,* 399 F.3d 1294, 1297 (11th Cir.), *cert. denied,* ___ U.S. ___, 125 S.Ct. 2279, 161 L.Ed.2d 1074 (2005); *United States v. Rubbo*, 396 F.3d 1330, 1333-35 (11th Cir. 2005).

In Ground One of his motion, Petitioner argues that his plea was not knowingly and voluntarily entered because he was not advised that his sentence would be enhanced based on the two firearms found inside his residence, effectively preventing him from understanding the nature of the charge and the consequences of the plea. The Court finds this argument meritless. While the firearms were the basis for the enhancement of Petitioner's sentence, the enhancement did not affect the "nature of the charge" set out in the indictment and in Petitioner's plea agreement. During the Rule 11 colloquy, the magistrate explained the

charge to Petitioner and the elements the Government would be required to prove if he decided to go to trial (Dkt. 15 at 16). Following which Petitioner assured the magistrate judge that he understood the charge and what the Government would have to prove to secure his conviction at trial. *Id.* Given Petitioner's statements, under oath, during the Rule 11 colloquy, *see* Dkt. 50 at 6; 16), the Court finds Petitioner's assertion to the contrary incredible. The statements of a defendant in open court are presumed to be true. *United States v. Gonzalez-Mercado*, 808 F.2d 796, 800 n.8 (11th Cir. 1987); *Downs-Morgan v. United States*, 765 F.2d 1534, 1541 n.14 (11th Cir. 1985). Because a defendant's statements concerning plea consequences at the time of plea are considered "persuasive evidence," they are not overcome by the defendant's bald assertion of misunderstanding. *Harvey v. United States*, 850 F.2d 388, 396 (8th Cir. 1988).

Petitioner's contention that he did not understand the consequences of his plea is likewise unpersuasive. During the Rule 11 colloquy, Petitioner assured the magistrate judge that he had discussed the sentencing guidelines with his attorney and understood how the guidelines would apply to his sentence. *Id.* at 11. The sentencing consequences were set out in the plea agreement Petitioner executed (Dkt. 24 at 1). The magistrate judge reviewed the charge and the terms of Petitioner's plea agreement with him, made sure he had discussed the agreement with Attorney Machin, and gave Petitioner the opportunity to ask questions. Petitioner specifically admitted the allegations made by the Government, assured the magistrate judge that while he had little formal education, he could read and write and had no mental impairments, and admitted his guilt. Petitioner was advised that by pleading guilty, he faced a mandatory minimum sentence of 10 years and a maximum sentence of life in prison. *Id.* at 11. Petitioner responded in the affirmative when asked if he understood the consequences of his guilty plea. *Id.* The Eleventh Circuit has held that "where a signed,

written plea agreement describing a mandatory minimum sentence is specifically referred to during a Rule 11 plea colloquy, the core principle that the defendant be aware of the consequences of his plea has been complied with . . . [and] [t]he defendant's substantial rights were not violated."*United States v. Jones*, 143 F.3d 1417, 1420 (11th Cir. 1998). *See also United States v. Clark*, 274 F.3d 1325, 1330 (11th Cir. 2001).

After "cautioning and examining [Petitioner] as mandated by Rule 11," the magistrate judge determined that Petitioner's guilty plea was "knowledgeable, voluntary, and supported by a factual basis" (Dkt. 29). The record supports the magistrate judge's finding. Thus, the waiver in the plea agreement is controlling.

**Merits**

Petitioner asserts two claims for relief in his § 2255 motion, both of which relate to the firearms enhancement which increased his base offense level from 38 to 40.  As discussed above, Ground One of the motion lacks merit.

In Ground Two, Petitioner argues that Attorney Barror was ineffective in (a) failing to argue that given Petitioner's objection at sentencing, under *Apprendi*, the factual basis for the enhancement of his base offense level should have been presented to a jury and established beyond a reasonable doubt and (b) advising Petitioner that he had waived his right to appeal (Dkt. 1 at 4).  Were these claims not waived by Petitioner's appeal waiver, *see Williams v. United States*, 396 F.3d at 1342, they would still fail to meet the criteria for relief under § 2255.

To establish a prima facie claim of ineffective assistance of counsel, Petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance is performance which is objectively unreasonable under prevailing professional norms. *Id.* at

688. Prejudice results when there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Prior to Petitioner's trial, the Eleventh Circuit had repeatedly held that *Apprendi* does not apply to Sentencing Guidelines facts in general and relevant conduct in specific.[6] *United States v. Le,* 256 F.3d 1229, 1240 (11th Cir. 2001) (Sentencing Guidelines are not subject to *Apprendi* ); *United States v. McClain,* 252 F.3d 1279, 1284 n. 12 (11th Cir. 2001) (*Apprendi* does not apply to relevant conduct under the Sentencing Guidelines); *United States v. Harris,* 244 F.3d 828 (11th Cir. 2001) (*Apprendi* does not apply to drug quantities outside scope of indictment considered as relevant conduct); *United States v. Nealy,* 232 F.3d 825, 829 n. 2 (11th Cir. 2000) (*Apprendi* does not apply to firearm enhancement under Sentencing Guidelines). Thus, when Petitioner was sentenced, there was no basis in law in this circuit for arguing that *Apprendi* applied to judge-made determinations pursuant to the Sentencing Guidelines.

Since precedent in this circuit categorically precluded an *Apprendi*-type challenge to the enhancement of Petitioner's sentence under U.S.S.G. § 2D1.1(b)(1), his assertion that Attorney Barror was ineffective at sentencing for failing to challenge the enhancement of his base offense level on this ground lacks merit. Counsel is not ineffective for failing to raise an argument which runs contrary to controlling precedent at trial or on appeal. *See Jones v. Barnes*, 463 U.S. 745 (1983); *see also United States v. Winfield*, 960 F.2d 970, 974 (11th Cir.

---

[6]Before *Blakely* was decided, every federal court of appeals had held that *Apprendi* did not apply to guideline calculations made within the statutory maximum. *See, e.g., United States v. Hughes,* 369 F.3d 941, 947 (6th Cir. 2004); *United States v. Francis,* 367 F.3d 805, 820 (8th Cir. 2004); *United States v. Jardine,* 364 F.3d 1200, 1209 (10th Cir. 2004); *United States v. Alvarez,* 358 F.3d 1194, 1211-12 (9th Cir. 2004); *United States v.* Phillips, 349 F.3d 138, 143 (3d Cir. 2003): *United States v. Patterson,* 348 F.3d 218, 228-29 (7th Cir. 2003); *United States v. Randle,* 304 F.3d 373, 378 (5th Cir. 2002); *United States v. Sanchez,* 269 F.3d 1250, 1268 (11th Cir. 2001); *United States v. Webb,* 255 F.3d 890, 898 (D.C.Cir. 2001); *United States v. Angle,* 254 F.3d 514, 518 (4th Cir. 2001); *United States v. Caba,* 241 F.3d 98, 100 (1st Cir. 2001); *United States v. Garcia,* 240 F.3d 180, 183-84 (2d Cir. 2001).

1992) (attorney not ineffective for failing to argue a meritless issue).  Likewise, the Eleventh Circuit has repeatedly held that "reasonably effective representation cannot and does not include a requirement to make arguments based on prediction of how the law may develop." *Marquard v. Sec. Dep't of Corr.,* 429 F.3d 1278, 1313 (11th Cir. Nov.10, 2005) (quoting *Spaziano v. Singletary,* 36 F.3d 1028, 1039 (11th Cir. 1994) (citations omitted)). Defendants are not entitled to an attorney capable of foreseeing the future development of constitutional law. *Id.* (citing *Thompson v. Wainwright,* 787 F.2d 1447, 1459 n. 8 (11th Cir. 1986)).

As to his claim that Attorney Barror was ineffective for advising Petitioner that he waived his right to appeal, an examination of the plea agreement and controlling precedent in this circuit supports the conclusion that in light of all the circumstances, Attorney Barror's performance was not outside the wide range of professional competence. *See Strickland v. Washington*, 466 U.S. 668, 690 (1984). In his plea agreement, Petitioner agreed to a mandatory minimum sentence of ten years and a maximum sentence of life imprisonment (Dkt. 24 at 1).

When Petitioner was sentenced, it was well-settled that *Apprendi* explicitly limited its holding to facts "that increase[ ] the penalty for a crime beyond the prescribed statutory maximum." *Apprendi,* 530 U.S. at 490. With a base offense level of 37 and a category I criminal history, Petitioner's sentencing range was 210 to 262 months.  Petitioner was sentenced to a term of 240 months, which is less than he agreed to in the written plea agreement and clearly does not exceed the maximum of twenty years set forth in 21 U.S.C. § 841(b)(1)(C) for a controlled substance offense without regard to drug quantity or enhancements. *See United States v. Gerrow*, 232 F.3d 831 (11th Cir. 2000) (there is no error, plain or otherwise, under *Apprendi* where the term of imprisonment is within the statutory maximum set forth in § 841(b)(1)(C) for an offense without regard to drug quantity).

Petitioner has not otherwise demonstrated that his sentence falls within any of the exceptions to his appeal waiver, which permitted him to appeal only an upward departure from his guidelines range, a sentence imposed in excess of the statutory maximum, or a sentence imposed in violation of law apart from the sentencing guidelines. *See United States v. Bushert*, 997 F.2d at 1351.

The Court finds that Petitioner has failed to demonstrate that Attorney Barror's performance was unreasonable under prevailing professional norms. *See Strickland v. Washington*, 466 US 668, 688 (1984).

The imposition of a sentence greater than that expected by Petitioner, or predicted by his counsel, is not adequate grounds for vacating his sentence under 28 U.S.C. § 2255. *United States v. Pallotta*, 433 F.2d 594, 595 (1st Cir. 1970)*; Domenica v. United States*, 292 F.2d 483, 485 (1st Cir. 1961).  Petitioner was not promised anything in his plea agreement that he did not receive, and he has received no punishment greater than that originally assigned him in the plea agreement.

### Conclusion

For the foregoing reasons, the Court finds that Petitioner has failed to establish that he is entitled to relief under 28 U.S.C. § 2255.

ACCORDINGLY, the Court **ORDERS** that:

1. The motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (CV Dkt. 1) is **DENIED**.

2. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close the companion civil case.

DONE and ORDERED in Tampa, Florida on May 8, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to</u>:
Petitioner/Counsel of Record

SA/jsh

S:\PDF TEMP FILE\00-cr-413.corona 2255.wpd