**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

JOSE LUIS CORONA,

    Petitioner,

-vs-                                                                     Case No. 8:00-CR-413-T-30MAP
                                                                                     8:05-CV-1213-T-30MAP

UNITED STATES OF AMERICA ,

    Respondent.

_____/

## O R D E R

This matter comes before the Court for consideration of Petitioner's Notice of Appeal (CR Dkt. 60) of the March 2, 2007 decision denying his request to reopen this matter, which the Court construes as an application for issuance of a certificate of appealability pursuant to Rule 22, Fed. R. App. P.,[1] and 28 U.S.C. §2253,[2] *see Edwards v. United States*, 114 F.3d 1083, 1084 (11th Cir. 1997), and his Affidavit in Support of Request to Proceed *In Forma Pauperis* on appeal (CR Dkt. 62).

A review of the Court's files revealed that Petitioner had previously sought federal habeas relief in this Court. Petitioner failed to show that he obtained an order from the court of appeals prior to initiating this action authorizing this Court to consider his motion. *See*

---

[1]"Certificate of Appealability. (1) In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. . . . If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals." Rule 22, Fed. R. App. P.

[2]"[I]n . . . a proceeding under section 2255 . . , the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. . . . (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -- . . .(B) the final order in a proceeding under section 2255. . . . (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c).

*Medina v. Singletary*, 960 F.Supp. 275, 277-78 (M.D. Fla. 1997) (and cases cited therein). *See also* 28 U.S.C. §2244(b)(3). The motion was, therefore, dismissed, and Petitioner was provided a copy of the Eleventh Circuit's form for seeking leave to file a second or successive habeas corpus petition under 28 U.S.C. §2244(b).

When the district court has rejected a claim on procedural grounds, the petitioner must show that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling to obtain a certificate of appealability. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Franklin v. Hightower*, 215 F.3d 1196, 1199 (11th Cir. 2000) (per curiam).

Because Petitioner has not demonstrated that he complied with the requirements of 28 U.S.C. §2244(b)(3) before filing his motion, he has failed to satisfy the second prong of the *Slack* test. 529 U.S. at 484. Petitioner has likewise failed to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. §2253(c).

ACCORDINGLY, the Court **ORDERS** that**:**

1. Petitioner's Notice of Appeal, which the Court has construed as an application for issuance of a certificate of appealability (CR Dkt. 60), is **DENIED**.

2. The request to proceed on appeal *in forma pauperis* (CR Dkt. 62) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on May 24, 2007.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copy furnished to:
Petitioner *pro se*
SA:jsh